1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELIA MOSQUEDA, on behalf of herself and all others similarly situated, | Case No.: 2:14-cv-5324 AB (VBKx) Hon. André Birotte, Jr. Courtroom 4 |
| Plaintiffs, | CLASS ACTION |
| vs. | [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| UNIFIRST CORPORATION, a Massachusetts Corporation; and DOES 1 to 100, Inclusive, | |
| Defendants. | Date: August 3, 2015 Time: 10:00 a.m. Courtroom: 4 |
| | Action Filed: May 5, 2014 |

NOTE: CHANGES BY THE COURT

27
28

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs' Motion for Conditional Certification and Preliminary Approval of Class Action Settlement came on for hearing before this Court, the Honorable Andre Birotte, Jr., on August 3, 2015 at 10:00 a.m.  Defendant Unifirst Corporation, (hereinafter referred to as "Defendant" or "Unifirst") did not oppose the Motion.  The court having considered the papers submitted in support of the motion and having heard oral argument of the parties, hereby finds and orders as follows:

1.      The Court hereby preliminarily approves the proposed class settlement upon the terms and conditions set forth in the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant ("Settlement Agreement") attached hereto as **Exhibit 1** (a fully executed version of the Settlement Agreement is filed at docket entries 49-2 and 50-1).  The Court finds that on a preliminary basis the Settlement appears to be within the range of reasonableness necessary for preliminary approval by the Court.  It appears to the Court that the Settlement amount is fair, adequate, and reasonable as to all potential Settlement Class Members when balanced against the probable outcome of further litigation, and ultimately relating to liability and damages issues.  It further appears that extensive and costly investigation and research has been conducted such that counsel for the parties at this time are reasonably able to evaluate their respective positions.  It further appears to the Court that the Settlement at this time will avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the

1

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Litigation.  It appears that the Settlement has been reached as a result of intensive, conclusive, arms-length negotiations utilizing an experienced third party neutral.

2.      That the Settlement Classes is defined as follows:

All Soil Sort/Truck Unloader, Wet Wash Labor, Shaking & Pressing Labor, Lead Person, Wiper Folder, Pre-Tunnel Inspection, Mending And Alterations, Alterations, Folders Labor, Shipping Labor, White Room Labor, UniClean-Production Staff, Flat Good Processing, Stock Room Plant, Soiled Wiper Counter, Truck Loader, Personalization - Direct Embro, Sewing Jackets Labor, Lt Duty Return Wkrs Comp, Nuclear Washroom Labor, Nuclear Sorting Labor, Nuclear Monitor Labor, Nuclear Mending Labor, Nuclear Folders Labor, Nuclear Shipping Labor, Nuc Waste Processing Lbr, Stkroom Warehouse, Stkrm Return To Stock, UniClean - Loc QA Technician, Health Physics – Tech, Maintenance Mechanic, Maintenance Janitorial, Misc Labor (Branch), UniClean - Office Admin, Office Administrator Hrl, Wastewater Tech (Hrly), UniClean - Stockroom Staff, Stockroom Supervisor-Hourly, Telemktg Rep, Customer Service Rep, General Office, and Secretarial employees who worked during the Class Period of May 5, 2010 to February 28, 2015;

3.      That the settlement proposed has been negotiated at arm's length and is preliminarily determined to be fair, reasonable, adequate and in the best interest of the settlement classes as defined above and in the Joint Stipulation of Settlement and Release;

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

4.      That the Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose, the proposed class meets the requirements of certification under Rule 23 of the <u>Federal Rules of Civil Procedure</u>: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) the claims of Plaintiffs are typical of the claims of the members of the proposed Class; (d) Plaintiffs and their counsel will fairly and adequately protect the interests of the proposed Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy.

5.      That the Court hereby preliminarily appoints for settlement purposes only, Joseph Antonelli and Janelle Carney of the Law Office of Joseph Antonelli, and Kevin T. Barnes and Gregg Lander of the Law Offices of Kevin T. Barnes, as class counsel.

6.      The Court confirms Rust Consulting, Inc. as the Settlement Administrator and preliminarily approves settlement administrative costs estimated at no more than $20,000.00 to be paid from the Total Gross Settlement Amount for the services to be rendered by Rust Consulting, Inc. on behalf of the class.  Within thirty (30) days of Preliminary Approval of this Settlement by the Court, to the extent practicable, Defendant shall provide to the Settlement Administrator and Class Counsel a database, which will list for each Settlement Class member, to the extent available, the individual's name, social security number, last known address,

3

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

telephone number, email address and number of Work Weeks.  This database shall be based on Defendant's payroll and other business records and shall be in a format acceptable to the Settlement Administrator.  Defendant agrees to consult with the Settlement Administrator prior to the production date to ensure that the format will be acceptable to the Settlement Administrator.

7.     That all Class members be given notice of this settlement as set forth in the Joint Stipulation of Settlement and Release attached as **Exhibit 1** thereto;

8.     That the Notice (and dates selected for the mailing and distribution of the Notice set forth herein) fully complies with the requirements of FRCP Rule 23(e), and due process, and constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of settlement;

9.     That any Class Member who wishes to request exclusion from the Class must submit a signed Request for Exclusion postmarked to the Settlement Administrator within thirty (30) days of the initial mailing of the Notice by the Settlement Administrator.  Class Members wishing to be excluded from the Class must state in writing their name, address and telephone number, and state that they wish to be excluded from the Class and must sign their name to same, as described in the Notice attached as **Exhibit 1** to the Joint Stipulation of Settlement and Release.

10.    That any Class Member who does not request exclusion from the Class during the opt out period, and who objects to the settlement may appear in

4

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

person or through counsel at his or her own expense at the final approval hearing to present any evidence that may be proper and relevant.  However, no such person shall be heard, and no briefs, pleadings, or other documents submitted by any person shall be received and considered by the court, unless postmarked no later than 30 days after the date of mailing of the Notice to the Class.  Further, prior to being heard in court, the person must have both filed with the court and mailed to class counsel and counsel for Defendant at the address designated in the Notice, a written objection that includes (a) a notice of intention to appear, (b) proof of membership in the Class and (c) the specific grounds for objection and any reason why such person desires to be heard, as well as all documents and writings as such person desires the court to consider.  Any person who fails to object in the manner described herein, shall be deemed to have waived his or her objections and forever be barred from making any objections in the action or any other action or proceeding;

11.    That Class members are hereby enjoined from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the California Division of Labor Standards Enforcement and the Labor and Workforce Development Agency) regarding claims released by the Joint Stipulation of Settlement and Release unless and until such New Class members have filed valid Requests for Exclusion with the Claims Administrator.

12.    The Court hereby preliminarily approves the definition and disposition of the Total Gross Settlement Fund in the amount of Two Million Six

5

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Hundred Thousand Dollars ($2,600,000.00) as set forth in the Joint Stipulation of Settlement and Release, not including employer taxes, including the employer FICA, FUTA, and SDI contributions; the payment of attorneys' fees not to exceed thirty percent (30%) of the Total Gross Settlement Fund ($780,000.00); class counsel costs of up to $40,000.00 as verified by Class Counsel and approved by the Court, exclusive of costs to administer settlement; the cost to administer the settlement at approximately Twenty Thousand Dollars ($20,000.00); and service payments to the class representative.  The Court preliminarily approves the service payments to the class representative, Evelia Mosqueda in the amount of Twenty-Five Thousand Dollars ($25,000).  The Parties agree that the enhancements for the Named Plaintiff shall be allocated towards a general release in the amount of $15,000.00 and a service award in the amount of $10,000.00. The service payment is preliminarily approved, all subject to the Court's final approval of the Settlement, in exchange for a full release including waiver of all <u>Civil Code</u> § 1542 claims that the class representatives are providing.

13.     The Court directs Defendant to diligently and in good faith complete from its Human Resources employee information database a class list, which it shall provide to the Settlement Administrator and Law Office of Joseph Antonelli within thirty (30) days of Preliminary Approval of this Settlement by the Court, to the extent practicable.  Defendant shall provide to the Settlement Administrator and Class Counsel a database, which will list for each Settlement Class member, to the extent available, the individual's name, social security number, last known

6

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

address, telephone number, email address and number of Work Weeks.  This database shall be based on Defendant's payroll and other business records and shall be in a format acceptable to the Settlement Administrator.  Defendant agrees to consult with the Settlement Administrator prior to the production date to ensure that the format will be acceptable to the Settlement Administrator.

14.  In the event the Settlement Administrator receives back a Settlement Class member's Class Notice Documents with a forwarding address, the Settlement Administrator will send the Class Notice to the forwarding address.  In the event a Settlement Class member's Class Notice Documents are returned without a forwarding address, the Settlement Administrator will perform one skip trace in an effort to identify a new address, to which the Settlement Administrator will then send the Class Notice.

15.  That the Court will conduct a final approval and fairness hearing on December 7, 2015 in Courtroom 4, of the above captioned court to determine the overall fairness of the settlement and to fix the amount of attorneys' fees and costs to class counsel and enhancement to the class representative.

16.  All further proceedings in this action shall be stayed except such proceedings necessary to review, approve, and implement this Settlement.

17.  In the event the Settlement does not become effective in accordance with the terms of the Joint Stipulation of Settlement and Release, or the Settlement is not finally approved or terminated, this Order shall be rendered null and void

7

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

and shall be vacated, and the parties shall revert to their respective positions prior to notifying the Court of the settlement of the action.

18.     The Court approves the class Notice attached as **Exhibit 1** to the Joint Stipulation of Settlement and Release, as modified by the red-line changes in the version attached to this Order.  Additionally, Counsel shall modify the Notice to include the address of the class administrator where indicated on pages 5 and 7 of the Notice.

19.     The Court orders the following schedule of dates for further proceedings:

1.  First Mailing of Notice, etc., to the Class (Within twenty (20) business days of receipt of the database containing the class list);

2.  Follow-up mailing to Class (when mail returned): 5 business days after receipt of returned mail;

3.  Deadline to postmark Requests for Exclusion/Objections  (30 days from the First Mailing of Notice, etc., to the Class);

4.  Filing date for Supplemental Briefs, Attorneys' Fee Request and Request for Reimbursement of Costs:  November 16, 2015

6.  Fairness Hearing:  December 7, 2015

Dated: August 4, 2015         _____
                              Hon. André Birotte Jr.,
                              UNITED STATES DISTRICT JUDGE

8

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

EXHIBIT 1 TO ORDER GRANTING PLAINTIFF'S MOTION
FOR CONDITIONAL CERTIFICATION AND
PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1  Joseph Antonelli (SBN 137039)
   *Jantonelli@antonellilaw.com*
2  Janelle Carney (SBN 201570)
   *Jcarney@antonellilaw.com*
3  **LAW OFFICE OF JOSEPH ANTONELLI**
   14758 Pipeline Ave., Suite E, 2nd Floor
4  Chino Hills, CA 91709-6025
   Tel.:  (909) 393-0223
5  Fax:   (909) 393-0471

6  Attorneys for Plaintiffs Evelia Mosqueda, on behalf of herself and all others
   similarly situated (caption continued below)
7

8  Christina Bouchot (SBN: 289701)
   *cbouchot@goodwinprocter.com*
9  Bradford J. Smith (*pro hac vice*)
   *bsmith@goodwinprocter.com*
10 Leann Walsh (*pro hac vice*)
   *lwalsh@goodwinprocter.com*
11 Katherine M. Anthony (*pro hac vice*)
   *kanthony@goodwinprocter.com*
12 **GOODWIN PROCTER LLP**
   53 State Street Exchange Place
13 Boston, MA 02109
   Tel.: (617) 570-1000
14 Fax: (617) 523-1231

15 Attorneys for Defendant UniFirst Corporation

16                    UNITED STATES DISTRICT COURT

17                    CENTRAL DISTRICT OF CALIFORNIA

18

19 EVELIA MOSQUEDA, on behalf of          Case No. 2:14-CV-05324-AB (VBK)
   herself and all others similarly situated,   Hon. Andre Birotte Jr.
20                                         Courtroom: 4, 2nd Fl.
                     Plaintiffs,
21                                         CLASS ACTION
                     v.
22                                         **JOINT STIPULATION OF**
   UNIFIRST CORPORATION, a                 **SETTLEMENT AND RELEASE**
23 Massachusetts Corporation; and DOES 1   **BETWEEN PLAINTIFF AND**
   to 100, Inclusive,                      **DEFENDANT**
24
                     Defendants.
25                                         Action Filed: May 5, 2014

26

27

28

1   Kevin T. Barnes (SBN 138477)
    Barnes@Kbarnes.com
2   Gregg Lander (SBN 194018)
    LAW OFFICE OF KEVIN T. BARNES
3   5670 Wilshire Boulevard, Suite 1460
    Los Angeles, CA 90036
4   Tel.:  (323) 549-9100
    Fax:  (323) 549-0101
5
    Attorneys for Plaintiffs Evelia Mosqueda, on behalf of herself and all others
6   similarly situated

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Joint Stipulation of Settlement and Release (hereinafter "Stipulation of Settlement" or "Settlement") is made and entered into by and between Plaintiff Evelia Mosqueda (collectively, "Class Representative" or "Named Plaintiff"), on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), on the one hand, and Defendant Unifirst Corporation ("Unifirst"), on the other.

This Settlement shall be binding on the Named Plaintiff and the class she purports to represent, and Defendant and its respective past, present, and future parent companies, predecessors, related or affiliated companies, subsidiaries, divisions, officers, directors, agents, employees, attorneys, insurers, successors, assigns, stockholders, owners, and members, and any individual or entity which could be jointly liable with Defendant, and their respective counsel, subject to the terms and conditions hereof and the approval of the Court, as defined below.

**THE PARTIES STIPULATE AND AGREE** as follows:

1.     Plaintiff and Defendant are collectively referred to herein as "the Parties."

2.     LAW OFFICE OF JOSEPH ANTONELLI, 14758 Pipeline Ave., Suite E, 2nd Floor, Chino Hills, CA 91709-6025, is independently and individually referred to herein as "Class Counsel."

3.     On May 5, 2014, the Named Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, Case Number BC544734, against Defendant, on behalf of herself and all others similarly situated. On May 12, 2014, the Named Plaintiff filed a First Amended Complaint.

The Named Plaintiff's claims include: (i) failure to pay wages and overtime; (ii) unfair business practices pursuant to Business and Professions Code § 17200; (iii) failure to timely pay wages upon termination; (iv) failure to provide meal periods; (v) failure to provide rest periods; (vi) failure to comply with itemized employee wage statement provisions; (vii) violation of Labor Code §212 (Debit Card); and (viii) related violations of the Private Attorney General Act.

4.      After removing the case to the United States District Court, Central District of California, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1441, and 1453, UniFirst filed a general denial in response to the First Amended Complaint.

5.      The Parties engaged in substantial informal discovery, as described more fully in paragraph 14, prior to engaging in extensive arms' length negotiations on May 15, 2015, facilitated by Mediator Hon. Peter D. Lichtman (Ret.), in order to resolve this action.

6.      This Settlement represents a compromise and settlement of highly disputed claims.  Nothing in the Settlement is intended, or may be construed, as an admission by UniFirst that the claims of the Settlement Class, defined in paragraph 7, have merit, or that UniFirst bears any liability to the Settling Class on those claims.

7.      For purposes of this Settlement, the "Settlement Class" shall consist of all hourly non-exempt Employees who worked in the following positions ("Covered Positions") during the Class Period:

- Soil Sort/Truck Unloader
- Wet Wash Labor
- Shaking & Pressing Labor
- Lead Person
- Wiper Folder
- Pre-Tunnel Inspection
- Mending And Alterations
- Alterations
- Folders Labor
- Shipping Labor
- White Room Labor
- UniClean- Production Staff

1.  • Flat Good Processing
2.  • Stock Room Plant
3.  • Soiled Wiper Counter
4.  • Truck Loader
5.  • Personalization - Direct Embro
6.  • Sewing Jackets Labor
7.  • Lt Duty Return Wkrs Comp
8.  • Nuclear Washroom Labor
9.  • Nuclear Sorting Labor
10. • Nuclear Monitor Labor
11. • Nuclear Mending Labor
12. • Nuclear Folders Labor
13. • Nuclear Shipping Labor
14. • Nuc Waste Processing Lbr
15. • Stkroom Warehouse
16. • Stkrm Return To Stock
17. • UniClean - Loc QA Technician
18. • Health Physics - Tech
19. • Maintenance Mechanic
20. • Maintenance Janitorial
21. • Misc Labor (Branch)
22. • UniClean - Office Admin
23. • Office Administrator Hrl
24. • Wastewater Tech (Hrly)
25. • UniClean - Stockroom Staff
26. • Stockroom Supervisor-Hourly
27. • Telemktg Rep
28. • Customer Service Rep

3

1      • General Office

2      • Secretarial

3      8.      Employees shall be considered members of the Settlement Class only

4    for Work Weeks (defined below) worked in Covered Positions during the Class

5    Period.

6      9.      The "Class Period" shall be defined as the period from May 5, 2010 to

7    February 28, 2015.

8      10.     Solely for purposes of settling this case, and without the Defendant

9    admitting these facts for any other purpose and, indeed, expressly denying them, the

10   Parties stipulate and agree that the requisites for establishing class certification with

11   respect to the Settlement Class are deemed to have been met.  More specifically, the

12   Parties stipulate and agree that:

13             a.      The Settlement Class is ascertainable and so numerous as to

14   make it impractical to join all of the Settlement Class.

15             b.      There are common questions of law and fact.

16             c.      The Named Plaintiff believes that her claims are typical of the

17   claims of the members of the Settlement Class.

18             d.      The Named Plaintiff and Class Counsel will fairly and

19   adequately protect the interests of the Settlement Class.

20             e.      The prosecution of separate actions by individual members of the

21   Settlement Class would create the risk of inconsistent or varying adjudications,

22   which could establish incompatible standards of conduct.

23             f.      With respect to the Settlement Class, the Named Plaintiff

24   believes that questions of law and fact common to the members of the Settlement

25   Class predominate over any questions affecting any individual member of the

26   Settlement Class, and a class action is superior to other available means for the fair

27   and efficient adjudication of the controversy.

28

11.     Defendant denies any liability, culpability, negligence, or wrongdoing of any kind whatsoever associated with the claims alleged in the First Amended Complaint and denies that Plaintiff suffered or is entitled to damages related to those claims, and further denies that, for any purpose other than settling this lawsuit, this action is appropriate for class or representative treatment or that the Settlement Class or any other class could properly be certified in this action.  With respect to all claims, Defendant believes, among other things, that they have complied at all times with the California Labor Code, and the Orders of the Industrial Welfare Commission.  With respect to wage payment, overtime compensation, meal and rest periods, and payment on termination, the Defendant believes, among other things, that the Plaintiffs were properly and timely compensated for all hours worked and entitled to take appropriate breaks.  Defendant also believes, among other things, that the Plaintiffs received proper itemized employee wage statements and were not subject to unlawful deductions.  Further, Defendant believes with respect to all claims that they have complied at all times with the California Business & Professions Code and are not subject to penalties pursuant to the Private Attorney General Act.

12.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge, on a class basis, all disputes and claims arising from or related to the First Amended Complaint in this case and all claims, whether wage-based claims or not, which the Named Plaintiff had or has.  In order to achieve a full and complete release of Defendant, each Settlement Class member acknowledges that this Stipulation of Settlement is intended to include in its effect all claims of any nature arising from or related to this case, whether or not those claims were asserted in the First Amended Complaint, and all claims of any nature for alleged denial of wages, denial of full payment as a result of Defendant's rounding policies, denial of overtime compensation, denial of meal periods and rest breaks, untimely payment on termination, improperly itemized employee wage statements, providing pay

wages as a debit card, and for any other type of wage- or hour-based claim under federal, state, or local law, including any such claims of which the Settlement Class member does not know or suspect to exist in his or her favor against Defendant as of the date of the Court's Preliminary Approval of this Settlement.

13.     It is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims arising from or related to the allegations of this class action case, whether known or unknown, asserted or unasserted, against Defendant, which release includes in its effect Defendant's respective past, present, and future parent companies, predecessors, related or affiliated companies, subsidiaries, divisions, officers, directors, agents, employees, attorneys, insurers, successors, assigns, stockholders, owners, and members, and any individual or entity which could be jointly liable with Defendants, and their respective counsel.

14.     Class Counsel represent that they have conducted a thorough investigation into the facts of this class action case, including propounding and responding to discovery, taking depositions, an extensive review of relevant documents, interviews of putative class members and class representatives, and have diligently pursued an investigation of the Settlement Class's claims against Defendant.  Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, the risk the Settlement Class will not be certified by the Court, defenses asserted by Defendant, and numerous potential appellate issues.

15.     The Parties agree to cooperate and take all steps necessary and appropriate to ensure entry of preliminary and final approval orders.

16.   **NOW THEREFORE**, in consideration of the mutual covenants, promises, and agreements set forth herein, the Parties agree, subject to the Court's approval, that this case and any claims, damages, or causes of action arising out of the disputes which are the subject of this case, be settled and compromised as between the Settlement Class and Defendant, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court, as follows:

<u>**TERMS OF SETTLEMENT**</u>

17.   <u>Settlement Date</u>:  The settlement embodied in this Stipulation of Settlement shall become effective (the "Effective Date") when all of the following events have occurred: (i) this Stipulation of Settlement has been executed by all Parties and by Class Counsel and Defendant's counsel; (ii) the Court has given Preliminary Approval to the settlement; (iii) notice has been given to the putative members of the Settlement Class, providing them with an opportunity to opt out of the settlement; (iv) no more than ten percent (10%) of the Settlement Class members have opted out of the settlement or, if they have, Defendant has not voided the Stipulation of Settlement; (v) the Court has held a final fairness hearing and entered a final order and judgment certifying the Settlement Class, and approving this Stipulation of Settlement; and (vi) the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ, or other appellate proceeding having been filed; or any appeal, writ, or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ, or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief.  In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, the Court has entered an appropriate judgment, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.  If there is no valid objection filed the Parties agree that there is no right

1  to appeal and therefore this Settlement shall be deemed final and effective as there is

2  no appeal right from entry of final approval and judgment.

3      18.    Gross Settlement Fund:  The total settlement amount, to be known as

4  the Gross Settlement Fund, will be $2,600,000.00, and includes all amounts that

5  could be payable to resolve the entire case including, by way of example:

6          a.    Payments to each and every class member.

7          b.    Attorneys' fees, attorneys' costs of litigation, and expenses for

8  the entire case, including settlement administration, with attorneys' fees not to

9  exceed 30.00% of $2,600,000.00 (*i.e.*, $780,000.00) and attorneys' costs not to

10  exceed $40,000.00 exclusive of Settlement Administration Costs.

11          c.    Class Representative enhancement payment to Plaintiff Evelia

12  Mosqueda in an amount not to exceed $25,000.00, which shall include Plaintiff's

13  general release of all claims as set forth below, and her Civil Code §1542 release..

14          d.    PAGA payment to the State of California of $3,750.00.

15          e.    All settlement and other administration costs of any kind,

16  including the costs of class notice regardless of media (*e.g.*, publication, letter,

17  website, etc.) and the costs of settlement administration (collectively, the

18  "Settlement Administration Costs"), in an amount not to exceed $20,000.00.

19          f.    The employer's share of employment taxes will be separate and

20  apart from the Gross Settlement Fund.

21      19.    Payments to Settlement Class Members:

22          a.    The "Class Fund" shall be the net settlement amount

23  distributable to the Settlement Class, determined by deducting the following

24  amounts from the Gross Settlement Fund:

25              i.    The maximum Class Counsel attorneys' fees, calculated as

26  30.00% of the Gross Settlement Fund (*i.e.*, $780,000.00).

27              ii.    The estimated Class Counsel attorneys' costs, not to

28  exceed $40,000 exclusive of Settlement Administration Costs.

1          iii.     The Settlement Administration Costs, not to exceed

2     $20,000.00.

3          iv.     The Class Representative enhancement, totaling a

4     maximum of $25,000.00.

5          v.     The settlement amount allocated to PAGA claims, not to

6     exceed $5,000.00, including the $3,750.00 allocated to the State of California.

7          b.     Settlement Administration Costs:  The budget for Settlement

8     Administration Costs, which is not to exceed $20,000.00, shall be used to pay the

9     cost of class notice and administration of the settlement.  In the event that the

10    Settlement Administration Costs exceeds $20,000.00, the excess will be drawn from

11    the Gross Settlement Fund.

12         c.     Payments to Settlement Class Members:  Awards to members of

13    the Settlement Class will be based on the total number of work weeks worked

14    during the Class Period, which is from May 5, 2010 to February 28, 2015.  A work

15    week shall be considered any week in which the class member worked at least 3

16    days in the week.

17         i.     The formula that will be utilized to determine each

18    Settlement Class member's individual settlement payment allocation is as follows.

19    The Settlement Administrator will take the Net Settlement Amount, divided by the

20    total number of eligible workweeks for which Settlement Class members worked as

21    for Defendant during the Class Period ("Work Weeks").  The quotient will be the

22    "Standard Payment" per full work week.  The product of the Standard Payment and

23    the individual Settlement Class member's Work Weeks is the amount of that

24    Settlement Class member's individual settlement payment allocation.

25         ii.     Defendant will provide the settlement administrator and

26    Class Counsel with Defendant's understanding of the number of Work Weeks each

27    Settlement Class member worked during the Class Period, which information will

28    be contained in the Notice submitted to Settlement Class members.  Defendant will

9

also provide the Settlement Administrator and Class Counsel with the name, last known address, telephone number, email address and Social Security Number of each Settlement Class member.

iii.     The Settlement Class members will have an opportunity to opt out of the Settlement Class if they wish.  A Settlement Class member may also object to the Settlement.  The Notice of Settlement Form sent to each Class Member will contain the number of Work Weeks calculated by Defendant for the respective Settlement Class member.  The information provided by Defendant regarding Work Weeks for the Settlement Class member will be presumed to be accurate unless the Settlement Class member presents documentary evidence indicating a contrary number of Work Weeks, to the Settlement Administrator.  In the event a Settlement Class member disputes the number of Work Weeks, the Settlement Administrator will transmit to Class Counsel information provided by the Settlement Class member within ten (10) days of receipt by the Settlement Administrator, and Class Counsel and Defendant's counsel will act in good faith to resolve the dispute.  If counsel are unable to resolve the dispute, it will be resolved by the Settlement Administrator.  In the event the Settlement Administrator must resolve the dispute, the Settlement Administrator will make a determination of Work Weeks after consulting with the Settlement Class member, Class Counsel, and Defendant's Counsel.  The Settlement Administrator's determination will be final and binding on the Settlement Class member and the Parties, and will be non-appealable.  In no event will the Settlement Administrator have the power to increase the Net Settlement Amount.

iv.     From the date of mailing the Class Notice Documents (defined below) to the Settlement Class, each Settlement Class member will have thirty (30) days to mail a dispute, exclusion request, or an objection to the Settlement Administrator.  In other words, the Settlement Class member's response, if any, must be postmarked no later than 30 days after the date the Class Notice

Documents were mailed to the Settlement Class member by the Settlement Administrator. The Settlement Class member will have thirty (30) days from the date the Settlement Administrator mails the Class Notice Documents to the Settlement Class to either object to the Settlement, or opt out of the Settlement. In other words, the Settlement Class member objection or opt-out must be postmarked no later than thirty (30) days after the date the Class Notice Documents were mailed to the Settlement Class member by the Settlement Administrator.

v.     All Settlement Class members who do not submit a valid and timely opt-out request for exclusion shall receive the payment discussed above, and shall be enjoined from filing or prosecuting any claims, suits, or administrative proceedings (including filing claims with the California Division of Labor Standards Enforcement) regarding claims released by this Settlement.

d.     <u>Mailing of Settlement Awards</u>: The Settlement Administrator shall cause the settlement payments to be mailed to the Settlement Class members within fifteen (15) business days of the Effective Date.

e.     <u>Residue</u>: Any portion of the Class Fund which is not paid to any Settlement Class member shall not revert to Defendant, as this is a non-reversionary settlement. All checks not cashed within 180 days will be paid to the State of California, California Department of Industrial Relations Unpaid Wage Fund, in the claimants' names to be held as unclaimed property for the benefit of the participating Settlement Class member.

f.     <u>Benefits</u>: All settlement payments to Settlement Class members shall be deemed to be income to such Settlement Class members solely in the year in which such payments actually are received by the Settlement Class members. It is expressly understood and agreed that the Parties are not taking a position as to whether the settlement payments are entitled to be used for purposes of calculating employee benefits, and the receipt of such settlement payments herein are not being used to entitle any Settlement Class member to additional compensation or benefits

under any Company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Settlement Class member to any increased retirement, vacation, 401(k) benefits or matching benefits, or deferred compensation benefits, to the extent allowed by law.  It is the intent of this Settlement that the settlement payments provided for in this Stipulation of Settlement are the sole payments to be made by Defendant to the Settlement Class members, and that the Settlement Class members are not entitled to any new or additional compensation or benefits as a result of having received the settlement payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

   g. <u>Allocation of Settlement Awards</u>.  The Parties have agreed that all settlement awards will be allocated thirty-three point three percent (33.33%) to wages, thirty-three point three percent (33.33%) to penalties, and thirty-three point three percent (33.33%) to interest.  Forms W-2 will be issued for wages, and Forms 1099 will be issued for penalties and interest to each Class Member whose penalty and interest payment is greater than $600.  Any taxes due on any portion of the settlement awards allocated to penalties and interest shall be the responsibility of the Settlement Class members.  The Settlement Class members and the Defendant agree to treat all award allocations consistently for tax purposes.  The Parties acknowledge and agree that proper information reporting will be made by the Settlement Administrator to the appropriate taxing authorities regarding all payments made pursuant to this Stipulation of Settlement.

   h. <u>No Tax Advice</u>:  Each party to this Stipulation of Settlement acknowledges and agrees that (i) no provision of this Stipulation of Settlement, and no written communication or disclosure between or among the Parties or their attorneys and other advisors, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax

advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (ii) the Parties (a) have relied exclusively upon their own independent legal and tax advisors for advice (including tax advice) in connection with this Stipulation of Settlement, (b) have not entered into this Stipulation of Settlement based upon the recommendation of any other party or any attorney or advisor to any other party, and (c) are not entitled to rely upon any communication or disclosure by an attorney or advisor to any other party to avoid any tax penalty that may be imposed on either party; and (iii) no attorney or advisor to any party has imposed any limitation that protects the confidentiality of any such attorneys' or advisor's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the parties of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Stipulation of Settlement.

          i.      <u>Total Work Weeks</u>:

          i.      The Named Plaintiff has entered into this Settlement based upon Defendant's representation that the total number of Work Weeks for all Settlement Class members between May 5, 2010 and February 28, 2015 is 58,541 (the "Estimated Total Work Weeks").

          ii.      Defendant has verified the total number of Work Weeks and changes to its policies by providing a declaration by the Person Most Qualified/Peter Stanieich, Senior Human Resources Generalist.

    20.    <u>Attorneys' Fees, Attorneys' Costs, and Settlement Administration Costs</u>:  In consideration for settling this matter and in exchange for the release of claims by the Settlement Class, and subject to final approval and/or modification by the Court, Defendant agrees to pay Class Counsel attorneys' fees in an amount not to exceed 30% of the Gross Settlement Fund (*i.e.*, $780,000.00); agrees to pay Class Counsel attorneys' costs, not to exceed $40,000 exclusive of Settlement Administration costs; and agrees to pay Settlement Administration Costs not to

exceed $20,000.00.  The amounts set forth above will cover all work performed and all costs incurred in connection with the approval by the Court of this Stipulation of Settlement, the administration of the Settlement, and obtaining final approval order and judgment in this case.  The amounts set forth above will be paid no later than fifteen (15) business days after the Effective Date.  If the Court approves an amount of attorneys' fees or attorneys' costs less than the amounts deducted from the Gross Settlement Fund when calculating the Class Fund, then the difference between the lesser amount approved by the Court and the maximum amounts set forth above shall be included in the Class Fund and distributed to the Settlement Class members according to the formula discussed in paragraph 16(c)(i) above.  Defendant will not object to Class Counsel's application for Court approval of attorneys' fees and attorneys' costs in the maximum amounts set forth in this paragraph.  The Parties further agree that no taxes will be withheld or paid by Defendant with respect to payments of Class Counsel's attorneys' fees and attorneys' costs.  Any taxes due thereon shall be respectively the responsibility of Class Counsel.

21.   Class Representative Enhancements:  Fifteen (15) business days after the Effective Date, and subject to Court approval, Defendant further agrees to pay the Class Representative enhancement not to exceed $25,000.00.  Defendant will not object to Class Counsel's application for Court Approval of the Enhancement to the Class Representative as defined herein.  It is understood that the enhancement is in addition to the Class Representative's settlement fund share to which she is entitled along with other Settlement Class members.  The Settlement Administrator will include the enhancement in Forms 1099 to the Class Representative for her service as Class Representative, and the Class Representative will be responsible for correctly characterizing this compensation for tax purposes and for paying any taxes on the amounts received.  The Parties agree that the enhancements for the Named Plaintiff shall be allocated towards a general release in the amount of $15,000.00 and a service award in the amount of $10,000.00.  Should the Court approve

enhancements to the Class Representative in an amount less than that set forth above, the difference between the lesser amount approved by the Court and the maximum enhancements set forth above shall be included in the Class Fund and distributed to the Settlement Class members according to the formula discussed in paragraph 16(c)(i) above.

22.   <u>Excessive Opt-Outs</u>:  In the event that 10% or more eligible Settlement Class members opt out of the Settlement, Defendant may, in its sole discretion, void the Settlement.

## **SETTLEMENT ADMINISTRATION AND NOTICE TO THE CLASS**

23.   The Parties will select a Settlement Administrator by mutual agreement to perform the duties outlined in this Stipulation of Settlement.

24.   Within thirty (30) days of Preliminary Approval of this Settlement by the Court, to the extent practicable, Defendant shall provide to the Settlement Administrator and Class Counsel a database, which will list for each Settlement Class member, to the extent available, the individual's name, social security number, last known address, telephone number, email address and number of Work Weeks.  This database shall be based on Defendant's payroll and other business records and shall be in a format acceptable to the Settlement Administrator. Defendant agrees to consult with the Settlement Administrator prior to the production date to ensure that the format will be acceptable to the Settlement Administrator.

25.   A Notice of Pendency of Class Action, Proposed Settlement, and Hearing Date for Court Approval ("Notice"), in approximately the form attached hereto as Exhibit 1, and as approved by the Court, shall be sent by the Settlement Administrator to the Settlement Class members by first class mail.  The Notice will set forth the specific release of Defendant and a representation as to the total number of that Settlement Class member's Work Weeks.  The Notice will also inform the Class Members on how to submit a Request for Exclusion.

26.     The Settlement Administrator shall mail the Notice to the Settlement Class members within twenty (20) days of receipt from Defendants of the database described in paragraph 21 above.  In the event the Settlement Administrator receives back a Settlement Class member's Class Notice Documents with a forwarding address, the Settlement Administrator will send the Class Notice to the forwarding address.  In the event a Settlement Class member's Class Notice Documents are returned without a forwarding address, the Settlement Administrator will perform one skip trace in an effort to identify a new address, to which the Settlement Administrator will then send the Class Notice.

a.     Neither of these circumstances, nor any other circumstance under which Class Notice is returned undelivered to the Settlement Administrator, shall alter the original 30-day period in which the Settlement Class members must submit an opt out of the Settlement Class or object to the Settlement.

b.     Upon completion of these steps by the Settlement Administrator, Class Counsel and Defendant shall be deemed to have satisfied their obligation to provide the Class Notice Documents to the affected members of the Settlement Class.  The affected members of the Settlement Class shall remain members of the Settlement Class and shall be bound by all of the terms of this Stipulation of Settlement and the Court's order and final judgment.

27.     Within ten (10) days after the deadline for Settlement Class members to submit an objection, request for exclusion, or dispute letter, the Settlement Administrator must provide to Defendant and Class Counsel a spreadsheet reflecting all correspondence received, and containing those Settlement Class members' names, addresses, and amounts of claim.  Within ten (10) days of the deadline for Settlement Class members to submit an objection or to opt out, the Settlement Administrator must also provide to Defendant a spreadsheet reflecting all opt-outs or objections received, and containing those Settlement Class members' names, addresses, and objection or opt-out, along with a copy of all objections or opt-outs

16

1   returned.  The Settlement Administrator shall provide counsel for each of the Parties

2   with a weekly update of correspondence received, opt-outs, and objections received.

3        28.    Within twenty (20) days after the deadline for Settlement Class

4   members to submit any correspondence, the Settlement Administrator must provide

5   to the Defendant and Class Counsel a spreadsheet reflecting each Class Member's

6   name, the number of Work Weeks he/she worked during the Class Period and the

7   gross individual settlement payment owed to each such individual; the total of which

8   should equal the Class Fund (the "Payment Spreadsheet").  The Payment

9   Spreadsheet should reflect the resolution of any disputes by a Settlement Class

10  Member regarding his/her number of Work Weeks during the Class Period.  The

11  Standard Payment should be revised to reflect any adjustment, up or down, to the

12  total number of Work Weeks during the Class Period.  Any Class Member who

13  requests exclusion or objects shall have his/her Settlement Share forfeited to other

14  Class Members who are receiving a Settlement Share in a proportionate amount to

15  his/her workweeks.

16       29.    The Settlement Administrator will send out the settlement payment

17  checks to Settlement Class members.  All disputes relating to the Settlement

18  Administrator's performance of its duties shall be referred to the Court, if necessary,

19  that will have continuing jurisdiction over the terms and conditions of this

20  Stipulation of Settlement until all payments and obligations contemplated by this

21  Stipulation of Settlement have been fully carried out.

22       30.    Class Counsel shall provide to the Court, at least five (5) days prior to

23  the final fairness hearing, a declaration by the Settlement Administrator of due

24  diligence and proof of mailing with regard to the mailing of the Class Notice

25  Documents and the Settlement Administrator's costs.

26                         **RELEASES**

27       31.    <u>Release by Settlement Class</u>:  Upon the final approval by the Court of

28  this Stipulation and Settlement and entry of judgment certifying the Settlement

Class, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and each member of the Settlement Class who has not submitted a valid opt-out fully releases and discharges Unifirst Corporation, along with its respective past, present, and future parent companies, predecessors, related or affiliated companies, subsidiaries, divisions, officers, directors, agents, employees, attorneys, insurers, successors, assigns, stockholders, owners, and members, and any individual or entity which could be jointly liable with Defendant, and its respective counsel, from any and all claims, debts, wages, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, actions, or causes of action for wage and hour claims that were pled or arise out of the facts alleged in the First Amended Complaint under the Labor Code, or federal, state, or local wage and hour laws, based on the facts alleged in the First Amended Complaint, including but not limited to claims for failure to pay minimum wage or overtime compensation, failure to pay all wages due, failure to allow and pay for meal periods, failure to allow and pay for rest periods, unlawful deductions, waiting time penalties, failure to provide accurate itemized wage statements, statutory penalties, providing wages on a debit card, providing wages on an out-of-state check, civil penalties under the California Labor Code Private Attorney General Act, failure to provide employees with or indemnify employees for purchases of uniforms and equipment, interest, liquidated damages, restitution or other equitable relief, injunctive relief, theft of labor, declaratory relief, an accounting, or attorneys' fees, in addition to all related claims for conversion and violation of <u>Business & Professions Code</u> section 17200, whether asserted, unasserted, known, or unknown.  In addition, the Settlement Class and each member of the Settlement Class who has not submitted a valid opt-out forever agrees that he or she shall not seek nor accept back pay, costs, attorneys' fees, penalties, or compensation for Defendant's alleged failure to comply with any wage payment requirements under federal, state, or local law including the claims described above,

1   and including the claims under Labor Code Sections 201, 201.1, 201.3, 201.5,

2   201.7, 201.9, 202, 203, 204, 205.5, 206, 210, 212, 218, 218.5, 218.6, 219, 224, 226,

3   226.3, 226.7, 256, 510, 511, 512, 515, 558, 1194, 1194.2, 1197, 1197.1, 1198, 1199,

4   2698-2699, and 2802 and California Business & Professions Code Section 17200,

5   for any period from May 5, 2010 through February 28, 2015.

6        32.    <u>General Release by Named Plaintiff</u>:  In addition to the claims, debts,

7   wages, liabilities, demands, obligations, penalties, guarantees, costs, expenses,

8   attorneys' fees, damages, actions, and causes of action released by the Settlement

9   Class in paragraph 28 above, which have been expressly released by the Named

10  Plaintiff the same as have been released by all other Settlement Class members who

11  have not submitted a valid opt-out, the Named Plaintiff additionally releases and

12  discharges UniFirst Corporation, along with its respective past, present, and future

13  parent companies, predecessors, related or affiliated companies, subsidiaries,

14  divisions, officers, directors, agents, employees, attorneys, insurers, successors,

15  assigns, stockholders, owners, and members, and any individual or entity which

16  could be jointly liable with Defendant, and its respective counsel ("UnFirst Released

17  Parties") from any and all other claims, debts, wages, liabilities, demands,

18  obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, actions,

19  or causes of action, whether known or unknown, which they now have, have ever

20  had, or may have in the future against the UniFirst Released Parties which arose

21  from the beginning of time up to the date of the execution of this Agreement.

22  Without limiting the generality of the foregoing, this General Release applies to any

23  and all claims which in any way relate to, arise out of, or result from the Named

24  Plaintiff's employment with the Defendant, including, but not limited to, any claims

25  which could have been asserted under any employment contract or tort law and any

26  claims that could have been raised under California's Labor Code, Civil Rights

27  and/or Discrimination Laws, the Equal Pay Act, Workers' Compensation Laws,

28  Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment

Act ("ADEA") (except for rights or claims under the ADEA which may arise after the execution of this Agreement), the Older Worker Benefit Protection Act, the Employment Retirement Income Security Act of 1974, the Fair Labor Standards Act, the Americans with Disabilities Act, or any other federal, state or local law, regulation, ordinance or common law claim that the Named Plaintiff may have against them, whether asserted, unasserted, known, or unknown.

33.   Section 1542 Releases:  As further consideration and inducement for this Agreement, the Named Plaintiff hereby waives and releases, with respect to those claims that they have respectively waived and released, any and all rights under Section 1542 of the California Civil Code which they have or may have with respect to Defendant.  California Civil Code section 1542 provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

The Named Plaintiff understands that Section 1542 gives her the right not to release existing claims of which she is not now aware, unless she voluntarily chooses to waive this right.  Having been so apprised, she nevertheless hereby voluntarily elects to, and does, waive the rights described in Section 1542, and elects to assume all risks for claims that may exist in her favor, known or unknown, asserted or unasserted, which arise from the subject of this Settlement.

## **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

34.   All litigation activity, with the exception of litigation activity specifically contemplated by and necessary to effectuate this Stipulation of Settlement, shall be stayed pending finalization of this Settlement.

35.   The Named Plaintiff shall promptly submit this Stipulation of Settlement to the Court in support of the Parties' Motion for Preliminary Approval

and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Stipulation of Settlement, the Named Plaintiff shall apply to the Court for the entry of an order substantially in the following form:

a.      Scheduling a fairness hearing on the question of whether the proposed Settlement, including payment of attorneys' fees and attorneys' costs and the Class Representative enhancements, should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class;

b.      Certifying a Settlement Class;

c.      Approving as to form and content the proposed Notice;

d.      Directing the mailing of the Class Notice Documents by first class mail to the Settlement Class members;

e.      Preliminarily approving the Settlement subject only to the objections of Settlement Class members; and

f.      Enjoining all Settlement Class members from filing or prosecuting any claims, suits, or administrative proceedings (including filing claims with the California Division of Labor Standards Enforcement) regarding claims released by this Settlement unless and until such Settlement Class members have filed valid opt-outs with the Settlement Administrator.

## **FINAL COURT APPROVAL**

36.     To reflect final approval by the Court of the settlement provided for in this Stipulation of Settlement, Class Counsel will submit a proposed final order and judgment to be entered by the Court pursuant to California Rule of Court 3.769(h):

a.      Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.      Approving Class Counsel's application for an award of attorneys' fees and costs;

c.      Approving the Class Representative enhancements; and

1         d.     Permanently barring and enjoining all members of the Settlement

2   Class from prosecuting against Defendant, and its respective past, present, and

3   future parent companies, predecessors, related or affiliated companies, subsidiaries,

4   divisions, officers, directors, agents, employees, attorneys, insurers, successors,

5   assigns, stockholders, owners, and members, and any individual or entity which

6   could be jointly liable with Defendant, and its respective counsel, from any

7   individual or class or collective claims released herein pursuant to paragraphs 28

8   through 30 above, upon satisfaction of all payments and obligations hereunder.

9         37.    The Parties waive any right to appeal on entry of final judgment.

10   **SETTLEMENT DOCUMENTS**

11         38.    All settlement documents, including the Class Notice Documents, the

12   proposed preliminary approval submitted by Class Counsel, the Court's Preliminary

13   Approval, the proposed final order and judgment submitted by Class Counsel, and

14   the final judgment entered by the Court pursuant to California Rule of Court

15   3.769(h), shall be in a form acceptable to the Parties.

16   **MODIFICATIONS BY THE COURT**

17         39.    Court modification of any portion of this Settlement, other than the

18   amount of attorneys' fees, attorneys' costs, and Class Representative enhancement

19   awarded, shall void the Settlement at the option of the adversely affected Party.  As

20   to the amount of attorneys' fees, attorneys' costs, and Class Representative

21   enhancement, the amount finally approved by the Court, up to the maximum

22   amounts permitted in this Stipulation of Settlement, shall be binding on the Named

23   Plaintiff, the Settlement Class, and Class Counsel.

24   **GOVERNMENT ACTIONS AFFECTING SETTLEMENT**

25         40.    If any administrative proceeding or action is commenced, on or before

26   a date that is two years from the date of Preliminary Approval, by any federal, state,

27   or local government authority, including the U.S. Department of Labor or the

28   California Division of Labor Standards Enforcement, in a *parens patriae* or other

function asserting claims within the scope of this case, the Named Plaintiff, Class Counsel and Defendant's Counsel will sign an appropriate declaration at the request of Defendant supporting the Settlement and asserting that the governmental action is within the scope of this Settlement, the case, and the final judgment.  The Parties will cooperate in resolving any action commenced by a governmental authority as stated in this paragraph such that the settlement embodied herein will be enforced. Defendant shall have the option, upon written notice, in its sole discretion, to immediately suspend payments to the Settlement Class pending the outcome of the suit or administrative proceeding brought by the governmental authority.

## PARTIES' AUTHORITY

41.     The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions thereof.

/////

/////

## MUTUAL FULL COOPERATION

42.     The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.  The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's preliminary and final approval of this Stipulation of Settlement.

43.    The Parties and their counsel agree that they will not encourage Class Members from requesting exclusion or objecting to the settlement.  Before the date on which the Parties file their motion for preliminary approval of the Settlement, the Parties and their Counsel will not initiate any contact with Class Members about the Settlement, except that Class Counsel, if contacted by a Class Member, may answer any questions that the Class Member may have about the Settlement.

**CONFIDENTIAL DOCUMENTS**

44.    Following entry of final judgment, Defendant's counsel will identify for Class Counsel all confidential documents that should be returned to Defendant. Within thirty (30) days after entry of final judgment, the Named Plaintiffs and Class Counsel shall return to Defendant's counsel all confidential documents in their possession, custody, and control.

**NO PRIOR ASSIGNMENTS AND/OR ACTIONS**

45.    The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

**NO ADMISSION**

46.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant; nor shall they be construed or deemed to be an admission by Defendant that, for any purpose other than settling this lawsuit, this action is appropriate for class or representative treatment or that the Settlement Class or any other class could properly be certified in this action; nor shall they be construed or deemed to be an admission by Defendant that the Named Plaintiff or any Settlement Class member has suffered or is entitled to any damages; all of which are expressly denied by Defendant.

**ENFORCEMENT ACTIONS**

47.   Any disputes not resolved by the Settlement Administrator will be resolved by the Court.  Before any resort to the Court, counsel for the Parties will confer in good faith in an attempt to resolve the dispute.  In addition, any disputes concerning the interpretation or implementation of this Settlement that the Parties are unable to resolve through direct discussion may, by mutual agreement, be submitted to Hon. Peter D. Lichtman (Ret.) for mediation before being submitted to the Court.

48.   This Stipulation of Settlement shall not be admissible in any proceeding for any purpose except to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement.

49.   In the event that one or more of the Parties to this Stipulation of Settlement institutes any legal action or other proceeding against any Party or Parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement action.

**NOTICES**

50.   Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

**To the Named Plaintiff and the Settlement Class:**

Joseph Antonelli
LAW OFFICE OF JOSEPH ANTONELLI
14758 Pipeline Ave., Suite E, 2nd Floor
Chino Hills, CA 91709-6025

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**To the Defendant:**

Bradford J. Smith, Esq.
Leann Walsh, Esq.
Katherine M. Anthony, Esq.
**GOODWIN PROCTER LLP**
53 State Street Exchange Place
Boston, MA 02109-2881

## CONSTRUCTION

51.     The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

52.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

53.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.  No rights hereunder may be waived except in writing.

## INTEGRATION CLAUSE

54.     This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and

statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.

## BINDING ON ASSIGNS

55.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

## CLASS COUNSEL SIGNATORIES

56.    It is agreed that because the members of the Settlement Class are so numerous, it is impossible or impractical to have each member of the Settlement Class execute this Stipulation of Settlement.  The Notice attached as Exhibit 1 hereto will advise all Settlement Class members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Settlement Class.

## COUNTERPARTS

57.    This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

## APPLICABLE LAW

58.    All terms and conditions of this Settlement will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law or choice of law principles.

1

## **CLASS REPRESENTATIVE**

2

3   Dated:  June ___, 2015                    NAMED PLAINTIFF

4

5                                            By: _____

6                                                Evelia Mosqueda

7

8

## **ATTORNEY FOR PLAINTIFF AND CLASS COUNSEL**

9

10  Dated:  June ___, 2015                    LAW OFFICE OF JOSEPH ANTONELLI

11

12

13                                           By: _____

14                                               Joseph Antonelli, Esq.

15

16  Dated:  June ___, 2015                    LAW OFFICES OF KEVIN T. BARNES

17

18                                           By: _____

19                                               Kevin T. Barnes, Esq.

20

21

22

23

24

25

26

27

28

1

## **DEFENDANT**

2

3   Dated:  June ___, 2015                    UNIFIRST CORPORATION

4

5
                                        By:   _____
6
                                              _____
7                                       Its:   _____

8

9                          ## **ATTORNEYS FOR DEFENDANT**

10
    Dated:  June ___, 2015                    GOODWIN PROCTER, LLP
11

12
                                        By:   _____
13                                            Bradford Smith, Esq.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1 TO JOINT STIPULATION OF SETTLEMENT
AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELIA MOSQUEDA on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIFIRST CORPORATION, a Massachusetts Corporation; and DOES 1 to 100, Inclusive,<br><br>Defendants. | Case No. 2:14-cv-05324-ab (VBK) |

**TO:  ALL CURRENT AND FORMER EMPLOYEES OF UNIFIRST CORPORATION OR ITS PREDECESSORS WITHIN THE STATE OF CALIFORNIA, WHO WORKED AS A NONEXEMPT HOURLY EMPLOYEE IN A COVERED POSITION AT ANY TIME BETWEEN May 5, 2010 AND FEBRUARY 28, 2015.**

**THIS NOTICE MAY AFFECT YOUR RIGHTS.
PLEASE READ IT CAREFULLY.**

**THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION.  IF YOU ARE A CLASS MEMBER, IT CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHT TO BE INCLUDED IN THE CLASS OR TO ELECT NOT TO BE INCLUDED IN THE CLASS AS FURTHER DESCRIBED BELOW.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:** | |
|---|---|
| **Do Nothing** | You will receive a payment under the Settlement. |
| **Exclude Yourself** | Receive no payment under the Settlement and retain all rights you may have against UniFirst. |
| **Object** | Write to the Court about why you don't like the settlement. |

| | |
|---|---|
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

## YOUR RIGHTS AND OPTIONS - AND THE DEADLINES TO EXERCISE THEM - ARE EXPLAINED IN THIS NOTICE.

Notice is hereby given that a proposed settlement (the "Settlement") of the class action lawsuit entitled <u>Mosqueda v. Unfirst Corporation,</u> United States District Court – Central District of California Case No. 2:14-CV-05324-ab (VBK), has been granted preliminary approval by the Superior Court of California, County of Los Angeles.

The proposed Settlement will resolve all claims against UniFirst Corporation (hereinafter referred to as "Defendant" or "UniFirst") in the above-captioned lawsuit and under applicable federal, state and/or local wage laws.  A hearing addressing the fairness, adequacy, and reasonableness of the Settlement will be held on December 7, 2015, to determine whether the Settlement shall become final and the lawsuit dismissed.  **Because your rights may be affected, it is important that you read this Notice carefully.  This is not a lawsuit against you.  You have not been sued.**

This Notice is provided to you by the United States District Court – Central District of California and: (1) contains a brief description of this lawsuit and a summary of the Settlement[1]; (2) explains the purpose of this Notice; (3) discusses your options with respect to this lawsuit and Settlement and the procedure you must follow if you wish to dispute the amount of your settlement payment, exclude yourself from the Class and Settlement, or make an objection to the Settlement; (4) notifies you how to obtain additional information; and (5) sets forth the date by which any written dispute as to the number of weeks worked by you during the Class Period, request to be excluded from the Settlement, or objection to the Settlement and Notice of Intent to Appear at the Final Approval Hearing must be postmarked in order to be valid.

---

[1] The actual and complete terms of the Settlement are set forth in the Joint Stipulation of Settlement and Release ("Stipulation of Settlement") filed with the Court on July 10, 2015.  You can obtain a complete copy of the Stipulation of Settlement by calling Class Counsel, whose contact information appears on the next page.

2

Notice of Class Action Settlement

**Deleted:**

**Deleted:**

**A.    DESCRIPTION OF THE CLASS**

The class is defined as "all hourly non-exempt Employees who worked in the following positions ('Covered Positions') during the Class Period [of May 5, 2010 through February 28, 2015]: Soil Sort/Truck Unloader; Wet Wash Labor; Shaking & Pressing Labor; Lead Person; Wiper Folder; Pre-Tunnel Inspection; Mending And Alterations; Alterations; Folders Labor; Shipping Labor; White Room Labor; UniClean- Production Staff; Flat Good Processing; Stock Room Plant; Soiled Wiper Counter; Truck Loader; Personalization - Direct Embro; Sewing Jackets Labor; Lt Duty Return Wkrs Comp; Nuclear Washroom Labor; Nuclear Sorting Labor; Nuclear Monitor Labor; Nuclear Mending Labor; Nuclear Folders Labor; Nuclear Shipping Labor; Nuc Waste Processing Lbr; Stkroom Warehouse; Stkrm Return To Stock; UniClean - Loc QA Technician; Health Physics – Tech; Maintenance Mechanic; Maintenance Janitorial; Misc Labor (Branch); UniClean - Office Admin; Office Administrator Hrl; Wastewater Tech (Hrly); UniClean - Stockroom Staff; Stockroom Supervisor-Hourly; Telemktg Rep; Customer Service Rep; General Office; and Secretarial.

Because you are a member of the Settlement Class, the information contained in this Notice may affect your legal rights.  Receipt of this Notice means that you are entitled to share in the proceeds from the proposed Settlement.  The proposed Settlement is not an admission of liability by Defendant; rather, it is a resolution of disputed claims.

**B.    DESCRIPTION OF THE LAWSUIT**

On May 10, 2014, Plaintiff filed a Complaint in the Superior Court (Case No. BC544734) against UniFirst Coproration, on her own behalf and on behalf of others similarly situated.

Plaintiff's claims include: (i) failure to pay wages and overtime; (ii) unfair business practices pursuant to Business and Professions Code § 17200; (iii) failure to timely pay wages upon termination; (iv) failure to provide meal periods; (v) failure to provide rest periods; (vi) failure to comply with itemized employee wage statement provisions; (vii) violation of Labor Code §212 (Debit Card); and (viii) related violations of the Private Attorney General Act.

Since this action was filed, there has been ongoing investigation and information exchanged through formal and informal discovery.  Furthermore, the parties participated in settlement discussions, including a mediation with a highly

respected neutral mediator, Peter Lichtman, Superior Court Judge Retired.  As a result of the mediation, the parties reached a settlement.  The mediation included discussion and examination of the parties' respective positions on the legal and factual issues raised in this action.

The United States District Court, Central District of California has not made a ruling on the merits of Plaintiff's claims or UniFirst's defenses.  However, the Court has preliminarily approved the proposed Settlement.  The Court will decide whether to give final approval to the Settlement at a hearing scheduled for December 7, 2015 at 10:00 a.m.

Deleted: [date]

Deleted: [time]

Attorneys for the Settlement Class ("Class Counsel") in this lawsuit are:

> Joseph Antonelli
> LAW OFFICE OF JOSEPH ANTONELLI
> 14758 Pipeline Ave., Suite E, 2nd Floor
> Chino Hills, CA 91709-6025
> (909) 393-0223
> LOJA@antonellilaw.com

Attorneys for UniFirst ("Defense Counsel") in this lawsuit are:

> Bradford J. Smith, Esq.
> Leann Walsh, Esq.
> Katherine M. Anthony, Esq.
> **GOODWIN PROCTER LLP**
> 53 State Street Exchange Place
> Boston, MA 02109-2881
> (617) 570-1256

**C.  WHAT WILL YOU GET**

The records of the Defendant indicate that, between May 10, 2010 and February 28, 2015, you worked the total number of work weeks listed below as a nonexempt hourly employee in a Covered Position for UniFirst in California:

> WORK WEEKS WORKED
>
> _____

4
Notice of Class Action Settlement

Your settlement payment will be based on this number of work weeks.  Unifirst calculated your estimated work weeks by reviewing employment records and including any week in which you worked at least three (3) days for UniFirst.  If you dispute the accuracy of the workweeks stated in this notice, you must submit a written dispute, along with a copy of any documentation you have to support your position (e.g. time or payroll records), to the Class Administrator at the following address either (1) by first class U.S. Mail postmarked no later than 30 days after date of mailing Notice; or (2) if not by first class mail, by a means that ensures receipt no later than 30 days after date of mailing Notice.

Mosqueda v. UniFirst Corporation
ATTENTION:  Class Administrator
c/o Rust Consulting, Inc. [insert address]

Please also include your daytime telephone number, email address and any other information about how to contact you on your written dispute. Your dispute will only be considered if you provide written documentation as to your claimed work weeks.

Any dispute over the number of workweeks that cannot be resolved by the parties shall be submitted to the Class Administrator for a final and binding determination. The Class Administrator will notify you of the results of your dispute as soon as practicable.

  **D.**  <u>**YOUR OPTIONS**</u>

  If you are one of the persons falling within the description of the Settlement Class which is set out above, you have several options.  Each option will have its consequences, which you should understand before making your decision.  Your rights regarding each option, and the procedure you must follow to select each option, are explained in the next few pages.

    **1.**  **You May Do Nothing.**

  If you do nothing – you will receive a settlement payment based on the number of work weeks listed above.  You will be bound by all the terms of the Settlement Agreement, including a release of claims meaning that you cannot separately sue UniFirst, its employees, or any other related persons or entities for the matters being settled in this case.  You will also be enjoined from filing or prosecuting any claims, suits, or administrative proceedings (including filing

The following are editorial change markers appearing in the right margin:

- Deleted: [
- Formatted: Not Highlight
- Deleted: ]
- Deleted: [
- Formatted: Not Highlight
- Deleted: ]

claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement.

### 2.    You May Object To The Settlement.

If you are a Settlement Class member who does not timely opt out of the Settlement Class (that is, you do not timely ask to be excluded from the Settlement Class), you may object to the Settlement either personally or through an attorney, by timely filing your written objection with the Court and mailing a copy of your written objection to Class Counsel and Defense Counsel at the addresses listed in Section B above.  You may object to the Settlement even if you participate in the Settlement and receive your settlement payment.

All objections must be sent to the Class Administrator and postmarked no later than 30 days after date of mailing Notice.  The Final Fairness and Approval Hearing ("Fairness Hearing") is presently set for December 7, 2015 at 10:00 a.m. If you timely submit a written objection, you may appear, personally or through an attorney, at your own expense, at the Fairness Hearing to present your objection directly to the Court.

All objections must be signed and must contain the following information:

- Your name;
- Your address;
- Your telephone number;
- The name of the case (Mosqueda v. Unifirst Corporation);
- A clear and specific explanation of why you object to the Settlement; and
- Whether you (or someone on your behalf) intend to appear at the Fairness Hearing.

If you object to the Settlement and if the Court approves the Settlement, you will be bound by the terms of the Settlement Agreement in the same way as a Settlement Class member who does not object.

### 3.    You May Opt Out Of The Settlement Class (Ask To Be Excluded from The Settlement Class).

If you do not want to remain a member of the Settlement Class, you may opt out of the class action Settlement.  You may opt out of the Settlement by mailing a written request for exclusion from class, indicating that you wish to be excluded

Deleted: [

Formatted: Not Highlight

Deleted: ]

Deleted: [date]

Deleted: [time]

from the class action Settlement in this case, to the Settlement Administrator at the address for [insert address for Administrator name] listed in Section 2 above, postmarked no later than 30 days after date of mailing Notice.  This written request for exclusion must be signed and must include your name, address and telephone number, and a written statement that you wish to be excluded from the Settlement Class.  If you timely opt out of the Settlement, you will no longer be a member of the Settlement Class and you will be barred from participating in this Settlement. You will not receive any settlement payment if you opt out of this Settlement. However, by timely opting out of the Settlement, you will retain whatever rights or claims you may have, if any, against UniFirst, and you will be free to hire your own attorney to pursue those claims on an individual basis, or you may represent yourself, if you choose to do so.

**E.    SUMMARY OF TERMS OF SETTLEMENT AGREEMENT**

The principal terms of the Settlement Agreement are summarized in this Notice.  If you would like a complete copy of the Settlement Agreement or if you have any questions about the Settlement Agreement, please contact Class Counsel at the address or telephone number provided in Section B above.

**1.    Settlement Payment.**

UniFirst shall pay $2,600,000.00 ("Settlement Amount") to settle the case, which includes your settlement share, administrative costs, class representative enhancement to the named Plaintiff, and requested attorneys' fees and costs ("Costs of Settlement").  The Settlement Amount includes the cost to administer the Settlement, but UniFirst will be responsible for its own attorneys' fees. UniFirst will also be separately responsible for its share of employment taxes. Payroll taxes and other deductions will be subtracted from your settlement payment.

Awards to members of the Settlement Class will be based on the total number of work weeks worked during the Class Period, which is from May 5, 2010 to February 28, 2015.  A work week shall be considered any week in which the class member worked at least 3 days in the week.

The Settlement Administrator will take the Class Fund ($2,600,000 less the Costs of  Settlement) divided by the total number of full qualifying weeks during which Settlement Class members worked during the Class Period.  The quotient will be the "Standard Payment" per week worked.  Then the Standard Payment will be multiplied by your "Work Weeks," which is the total number of weeks that

you worked as a nonexempt employee in a Covered Position for UniFirst during the Class Period.  The product of the Standard Payment and Work Weeks will be your individual settlement payment.

Plan of Distribution.  Within twenty (20) days after the deadline for Settlement Class members to submit a dispute, objection, or request for exclusion, the Class Administrator will provide UniFirst and Class Counsel a spreadsheet reflecting each Settlement Class member's name, the number of Work Weeks he or she worked during the Class Period, and the gross individual settlement payment owed to that individual.  This spreadsheet should reflect the resolution of any disputes by a Settlement Class member regarding his or her number of Work Weeks during the Class Period. Within fifteen (15) calendar days of the Effective Date of the Settlement (when all appeals are exhausted), the Class Administrator will cause the settlement payments to be mailed to all Settlement Class members who have not opted out of the Settlement.

Class Member Tax Matters.  Each settlement payment will be divided by the Class Administrator pursuant to the Court Order into a wage portion, (33.33%) an interest portion, (33.33%) and a penalty portion (33.33%).  IRS Forms 1099 and Forms W-2 will be issued to each Settlement Class member whose settlement payment is greater than $600 with respect to such payments appropriately reportable on each of those Forms.  Settlement Class members should consult with their tax advisors concerning the tax consequences of the payment they receive. Deductions for the Settlement Class member's share of employment taxes will be taken only out of the amount constituting the wage portion of the settlement payment.  Any taxes due on the individual settlement payments reported on a Form 1099 shall be the responsibility of the individual Settlement Class member.

2.     **Release.**

**Upon the final approval by the Court of this Stipulation and Settlement and entry of judgment certifying the Settlement Class, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and each member of the Settlement Class who has not submitted a valid opt-out fully releases and discharges UniFirst Corporation, along with its respective past, present, and future parent companies, predecessors, related or affiliated companies, subsidiaries, divisions, officers, directors, agents, employees, attorneys, insurers, successors, assigns, stockholders, owners, and members, and any individual or entity which could be jointly liable with Defendant, and its respective counsel, from any and all claims, debts, wages, liabilities, demands, obligations, penalties, guarantees, costs, expenses,**

8

Notice of Class Action Settlement

**attorneys' fees, damages, actions, or causes of action for wage and hour claims that were pled or arise out of the facts alleged in the First Amended Complaint under the Labor Code, or federal, state, or local wage and hour laws, based on the facts alleged in the First Amended Complaint, including but not limited to claims for failure to pay minimum wage or overtime compensation, failure to pay all wages due, failure to allow and pay for meal periods, failure to allow and pay for rest periods, unlawful deductions, waiting time penalties, failure to provide accurate itemized wage statements, statutory penalties, providing wages on a debit card, providing wages on an out-of-state check, civil penalties under the California Labor Code Private Attorney General Act, failure to provide employees with or indemnify employees for purchases of uniforms and equipment, interest, liquidated damages, restitution or other equitable relief, injunctive relief, theft of labor, declaratory relief, an accounting, or attorneys' fees, in addition to all related claims for conversion and violation of Business & Professions Code section 17200, whether asserted, unasserted, known, or unknown.  In addition, the Settlement Class and each member of the Settlement Class who has not submitted a valid opt-out forever agrees that he or she shall not seek nor accept back pay, costs, attorneys' fees, penalties, or compensation for Defendant's alleged failure to comply with any wage payment requirements under federal, state, or local law including the claims described above, and including the claims under Labor Code Sections 201, 201.1, 201.3, 201.5, 201.7, 201.9, 202, 203, 204, 205.5, 206, 210, 212, 218, 218.5, 218.6, 219, 224, 226, 226.3, 226.7, 256, 510, 511, 512, 515, 558, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2698-2699, and 2802 and California Business & Professions Code Section 17200, for any period from May 5, 2010 through February 28, 2015.**

### 3.     Conditions Of Settlement.

This Settlement is conditioned upon the Court entering an Order at or following the Fairness Hearing approving the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class.

### 4.     No Admission Of Liability.

UniFirst does not admit any wrongdoing or liability of any kind.  The proposed Settlement is a compromise of disputed claims and does not mean that UniFirst violated any legal wage requirements or is liable for any of the charges made by Plaintiff.

## F.  ADDITIONAL INFORMATION

This Notice only summarizes the lawsuit, the Settlement Agreement, and related matters.  For more information, you can inspect the Court files at the United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012-4701, from 10:00 a.m. to 4:00 p.m., Monday through Friday.  Any questions regarding this Notice or lawsuit may be sent to the Class Administrator at the address and telephone number listed in Section C above.  Alternatively, you may contact your own attorney, at your own expense, to advise you, or you may contact Class Counsel at the address and telephone number listed in Section B above.  If your address changes, or is different from the address on the envelope enclosing this Notice, please promptly notify the Class Administrator.

## PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.

**Deleted:** Edward R. Roybal Federal Building and

**Deleted:** 255 East Temple Street

**Deleted:** 3332

**Deleted:** ¶
Dated:  _____.  BY ORDER OF THE COURT¶
¶
_____¶
UNITED STATES DISTRICT JUDGE¶