NOTE: CHANGES MADE BY THE COURT

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELIA MOSQUEDA, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIFIRST CORPORATION, a Massachusetts Corporation; and DOES 1 to 100, Inclusive,<br><br>Defendants. | Case No. CV 14-05324-AB (VBKx)<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT** |

This matter came on for hearing on December 7, 2015 at 10:00 a.m., in Courtroom 4-2nd Fl. of the above-captioned Court (the "Fairness Hearing"), on Plaintiff's Motion for Final Approval of Class Action Settlement, Plaintiff's Motion for Attorneys' Fees and Costs and Class Representative Enhancement, the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant ("Settlement Agreement") and this Court's Order Granting Preliminary Approval of Class Action Settlement filed August 4, 2015.

In accordance with the Preliminary Approval Order, class members were given notice of the terms of the settlement. Class members were given the opportunity to request exclusion, comment upon, or object to the settlement or any of its terms. Having received and considered the proposed settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement heard on August 3, 2015, the Court grants final approval of the settlement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1. Pursuant to the Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement filed August 4, 2015, a Notice describing the settlement was mailed to each of the 733 class members via first-class U.S. Mail. The Notice describes the pertinent terms of the settlement including the total

number of "work weeks" worked by each individual class member, as defined in the Notice. The Notice also informed the class members of their rights (1) to request exclusion from the settlement; (2) to dispute the information upon which their proportionate shares of the settlement would be based; (3) to object to the settlement or to any of its terms, and (4) the timing and manner to do each of the preceding acts. (*Id*.) The Notice also informed the class members of the date of the Fairness Hearing and their right to appear at the hearing and provided the toll-free number for Rust Consulting, Inc. (the "Settlement Administrator") and for Class Counsel in the event they had any questions.

   As a part of this notice process, two (2) class members have requested exclusion and no objections or notices of intention to appear at the final approval hearing were filed and/or served on counsel for the Parties.

   The Court also approved a Supplemental Notice to class members to be mailed by the Settlement Administrator with all settlement checks sent to all class members who did not request exclusion from the settlement.

   2. The Court finds and determines that this Notice and Supplemental Notice procedure affords adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the response of the class.  The Court further finds and

determines that this Notice and Supplemental Notice procedure supplies the best notice practicable, which satisfies the requirements of law and due process.

3. The Court finds and determines that the terms of the settlement are fair, reasonable and adequate to the class and that the settlement is the product of intensive, conclusive, arms-length negotiations utilizing an experienced third party neutral. The settlement is ordered finally approved, and that all terms and provisions of the settlement should be and hereby are ordered to be consummated.

4. The Court finds and determines that settlement payments to be paid to all members of the class who did not request exclusion from the settlement, as provided for by the settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts to the participating class members in accordance with the terms of the Settlement Agreement.

5. The Court finds and determines that the payment to be paid to the California Labor and Workforce Development Agency to satisfy alleged Labor Code violations pursuant to the California Labor Code's Private Attorneys General Act of 2004 ("PAGA") in the sum of $3,750.00 is fair and reasonable. The Court hereby grants final approval to and orders the payment to the Labor and Workforce Development Agency in accordance with the terms of the Settlement Agreement.

6. The Court determines that the service award payment to Plaintiff Evelia Mosqueda in the sum of $25,000.00 is fair and reasonable. This service

payment is determined to be reasonable and fair under the circumstances of this case and for the work performed by the class representative. Furthermore, Ms. Mosqueda, as the Class Representative, received compensation in exchange for a full release including waiver of all California Civil Code § 1542 claims that she is providing.

7. Plaintiff's Motion for Attorneys' Fees, Costs, and Class Representative Enhancement is hereby GRANTED. Plaintiff's efforts have resulted in the creation of a common fund in the amount of $2,600,000.00 minus employer taxes, including the employer FICA, FUTA, and SDI contributions (the "Gross Settlement Fund"), and therefore awarding attorneys' fees on a percentage basis is appropriate. Plaintiff seeks 30% of the common fund, which is a 5% departure from the 25% benchmark in the Ninth Circuit. The Court finds that class counsel undertook significant risk in representing Plaintiff in this action on a contingency basis and that their significant investment of time and skill in the matter has resulted in a favorable outcome for the class – an average settlement award of approximately not less than $28.75 per work week. In view of counsel's risk and the monetary benefit conferred on the settlement class, the Court finds that a 5% departure from the Ninth Circuit's 25% benchmark is appropriate and that the requested fee of 30%, or $780,000.00, is fair and reasonable. The Court approves

the application of Class Counsel for $780,000.00 for their attorneys' fees and a total of $34,011.50 for their litigation expenses.

8. Cross-checking the $780,000.00 amount against Class Counsel's lodestar confirms the reasonableness of the fee award. Class Counsel's collective lodestar was not less than $441,300.00 at the time Plaintiff filed her Motion for Attorneys' Fees and Costs on September 28, 2015. The hourly rates used to arrive at this figure are consistent with market rates and reasonable in light of the Class Counsel's skill, experience, and expertise. The Court is further satisfied that the number of hours expended on the litigation is reasonable. Dividing the requested fee by Class Counsel's current lodestar yields a 1.7 multiplier. Such a multiplier falls within the range of multipliers approved by courts within the Ninth Circuit.

9. Accordingly, Plaintiff shall recover, from the common fund established by the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant, $780,000.00 in and for attorneys' fees and the amount of $34,011.50 in costs and expenses. Those amounts shall be paid by the Settlement Administrator to Class Counsel, divided as they shall direct.

10. The Court further approves payment of the fees and costs of the appointed Settlement Administrator Rust Consulting, Inc., in the amount of $15,874.00 for services rendered and to be rendered in connection with the

completion of its duties pursuant to the terms of the settlement (the "Settlement Administration Costs").

11. Defendant shall deliver the Gross Settlement Fund of $2,600,000.00 within fifteen (15) calendar days of entry of this Final Approval Order, as awarded by the Court (pursuant to the Settlement Agreement), for individual settlement payments to each of the class members ("Individual Settlement Payments"), the Class Representative enhancement payment, attorneys' fees and litigation costs, the Settlement Administration Costs, and the PAGA payment to the Labor and Workforce Development Agency.

12. The Court further directs the Settlement Administrator, to within fifteen (15) calendar days after Defendant delivers the Gross Settlement Fund, to disburse to those persons and entities referenced below, in the manner set forth, the following sums:

    a. Individual Settlement Payment checks in accordance with the Settlement Agreement to those class members who did not request exclusion from the settlement, as calculated and approved by the Settlement Administrator;

    b. Class Representative enhancement payment to Evelia Mosqueda, of $25,000.00 by check mailed to Class Counsel;

      c.    Attorneys' fees to Class Counsel, of $780,000.00 by wire transfer, as directed by Class Counsel;

      d.    Litigation costs to Class Counsel, of $34,011.50 by wire transfer, as directed by Class Counsel;

      e.    PAGA payment to the State of California Labor Workforce & Development Agency ("LWDA"), of $3,750.00 by check to Counsel for Defendant for transmittal to the LWDA;

      f.    The Settlement Administration Costs, of $15,874.00 by check to Rust Consulting, Inc. for services rendered in connection with its duties and responsibilities to administer the settlement, disburse payments, respond to continuing inquiries from the class and the Parties in order to conclude its duties and responsibilities pursuant to the settlement.

13.    The Court retains jurisdiction over the administration and effectuation of the settlement including, but not limited to, the ultimate disbursal to the participating class members, payment of attorneys' fees and costs, the Class Representative enhancement payment, and the Settlement Administration Costs and other issues related to this settlement.

7

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT

14. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the settlement.

15. Nothing in this Order shall preclude any action to enforce the Parties' obligations under the settlement or under this Order, including the requirement that Defendant make payments to participating class members in accordance with the settlement.

16. The Court hereby enters **FINAL JUDGMENT** in this case accordance with the terms of the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement, and this Order Granting Final Approval of the class action settlement, attorneys' fees and costs, and Class Representative enhancement payment.

17. The Parties are hereby ordered to comply with the terms of the settlement.

**IT IS SO ORDERED**.

Dated: December 17, 2015

_____
HON. ANDRE BIROTTÉ JR.
UNITED STATES DISTRICT JUDGE